

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

AUG 19 2014

ARTHUR JOHNSTON
BY_____ DEPUTY

# IN THE UNITED STATES FEDERAL DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**PLAINTIFF**

**MURPHY BURNETT**

**CIVIL ACTION NO.:** 3:14cv651 CWR-LRA

**VS.**

**HINDS COUNTY, MISSISSIPPI, by and
through its Board of Supervisors, STATE OF
MISSISSIPPI, by and through the HINDS
COUNTY DISTRICT ATTORNEY'S OFFICE,
HINDS COUNTY SHERIFF'S DEPARTMENT,
SHERIFF TYRONE LEWIS, officially and in
his individual capacity, THE CITY OF
JACKSON, MISSISSIPPI, SERGEANT
PATRICIA WILDER, in her official and
individual capacity, SERGEANT CEDRIC
MYLES, in his official and individual capacity,
OTHER UNKNOWN JOHN and JANE DOES
A-Z, also in their official and individual capacity**

**DEFENDANTS**

## COMPLAINT
### *JURY TRIAL DEMANDED*

**COMES NOW,** the Plaintiff, **MURPHY BURNETT**, by and through his counsel of

record, who files his Complaint against the aforementioned Defendants. In support of the same,

the Plaintiff states, avers and gives notice of the following:

### PRELIMINARY STATEMENT

1.      This is a Federal Civil Rights action brought as a result of what the Plaintiff believes to

be a blatant violation of, *inter alia,* the federal civil, constitutional and human rights of the

Plaintiff, **MURPHY BURNETT**, who was arrested by the City of Jackson Police Department on

July 5, 2010 on charges of sexual battery, rape, kidnapping and forced armed carjacking and

subsequently held in the Hinds County Detention Center for nearly three (3) years without a trial on said charges.

2.     During this period, the Defendants withheld evidence from Burnett that was exculpatory and would tend to exonerate Burnett, including DNA evidence that did eventually exonerate Burnett from the crimes for which he was arrested and indicted.  Burnett's public defender made multiple requests during discovery, including reports regarding DNA analysis.   While incarcerated in the Hinds County Detention Center for the above unfounded charges without a trial, Murphy Burnett was subject to the deplorable conditions of the facility, as well as being the victim of several physical assaults.

3.     In possession of clear evidence that exonerated Burnett, the Defendants finally entered a Motion for Burnett's charges to be *nolle prosequi* and Burnett, after nearly three (3) years in custody without a trial, was released from the Hinds County Detention Center in April of 2013. As a result of Burnett's wrongful arrest and subsequent incarceration, Burnett was robbed of time with his family, including two children, and was also deprived of nearly three (3) years of lost income, as well as the physical and mental injuries caused by his unwarranted arrest and incarceration.

4.     It is alleged the conduct of the defendants was so outrageous as stated above, that the Plaintiff's rights under certain federal statutes, including 42 U.S.C. Sections 1983, 1985 and 1986, together with certain rights under the Constitution of the United States of America and the State of Mississippi as well as the laws of Mississippi were violated. The Plaintiff, **MURPHY BURNETT**, files this action and prays for the relief set forth above and in the following paragraphs.

## PARTIES

5.     The Plaintiff is a citizen of the United States of America and the State of Mississippi

wherein he resided in the City of Jackson, Hinds County, First Judicial District. The injuries

inflicted upon the plaintiff were done while he was being wrongfully held in the Hinds County

Adult Detention Center in Raymond, Mississippi, when the Center was under the supervision

and control of the Defendants, Hinds County and Sheriff Tyrone Lewis.

6.     The Defendant, Hinds County, Mississippi, is a political subdivision of the State of

Mississippi and is the entity responsible for the oversight and funding of the Hinds County

Adult Detention Center and the Hinds County Sheriff's Department. This Defendant may be

served with process by effecting the same upon the president of the Board of Supervisors, Ms.

Peggy Hobson Calhoun, and/or the Chancery Clerk for Hinds County, Mississippi, Ms. Eddie

Jean Carr, at Hinds County Courthouse in Jackson, Mississippi.

7.     The Defendant, State of Mississippi, by and through the Hinds County District

Attorney's Office, is a governmental entity responsible for the prosecution of all felony

offenses committed in the State of Mississippi, including the felony offenses of which the

Plaintiff was charged.  In the instant case, the Hinds County District Attorney's Office acted as

an agent for the State of Mississippi in its prosecution of the Plaintiff.  The State of Mississippi

may be served with process by affecting the same upon the Attorney General, Jim Hood, at 550

High Street, Suite 1200, Jackson, Mississippi.

8.     The Defendant, the Hinds County Sheriff's Department, is a political entity, agency

and/or political subdivision of Hinds County, Mississippi, organized to provide security and

safety to and for the citizens of Hinds County and the City of Jackson, Mississippi. This

Defendant may be served with lawful process by serving Sheriff Tyrone Lewis, or his designee,

3

at the Hinds County Courthouse in Jackson, Mississippi or at the Hinds County Adult Detention Center in Raymond, Mississippi.

9.     The Defendant, Tyrone Lewis, is an adult resident citizen of Hinds County, Mississippi. At all times material hereto this Defendant was the duly elected Sheriff of Hinds County, Mississippi, vested with the responsibility and authority to hire, train, supervise, set policies and procedures, enforce the policies and procedures adopted or otherwise implemented and to provide protection to the citizens of Hinds County, Mississippi, to include the plaintiff, by and on behalf of the Defendant, Hinds County, Mississippi. This Defendant is sued in his official and his individual capacities. He may be served with lawful process at the Hinds County Courthouse in Jackson, Mississippi, or by effecting service upon his duly authorized designee, at the Hinds County Courthouse in Jackson, Mississippi, or at the Hinds County Adult Detention Center in Raymond, Mississippi.

10.     The Defendant, The City of Jackson, Mississippi, is a municipality duly incorporated under the laws of the State of Mississippi. Pursuant to Miss. Code Ann. Section 13-3-47 (1972), service of process may be had on the City of Jackson, Mississippi, by effecting the same upon its Mayor, Tony Yarber, or the Municipal Clerk for the City of Jackson, Mississippi. At all times material hereto, the City of Jackson, Mississippi, was vicariously liable for the acts of omission or commission of the Defendants Cedric Myles and Patricia Wilder, and any other Police Officers, as the same relates to the injuries, outrageous conduct of all the defendants since it contracted with the Sheriff and Hinds County house, care, to be responsible for and for the treatment of its prisoners.

11.     The Defendant at the time, Jackson Police Officer Cedric Myles, was at all times material

4

hereto a police officer employed by the City of Jackson, Mississippi. It is believed that this Defendant was the officer who wrongfully arrested the Plaintiff and transported him to the Hinds County Adult Detention Center on July 15, 2010, and he either assisted other Defendants or unknown persons with the beating and/or he failed to intervene, report and/or stop the beating while observing the same taking place in his presence when he had an affirmative duty to intervene and/or stop illegal conduct of other Defendants or unknown persons. His acts of omission or commission are vicariously attributed to the Defendant, the City of Jackson, Mississippi. He may be served with lawful process at his place of employment the Jackson Police Department in Jackson, Mississippi.

12.    The Defendant at the time, Jackson Police Officer Patricia Wilder, was at all times material hereto a police officer employed by the City of Jackson, Mississippi.  It is believed that this Defendant was one of the officers who wrongfully arrested the Plaintiff and transported him to the Hinds County Adult Detention Center on July 15, 2010, and she either assisted other Defendants or unknown persons with the beating and/or she failed to intervene, report and/or stop the beating while observing the same taking place in her presence when she had an affirmative duty to intervene and/or stop illegal conduct of other Defendants or unknown persons. Her acts of omission or commission are vicariously attributed to the Defendant, the City of Jackson, Mississippi. She may be served with lawful process at her place of employment the Jackson Police Department in Jackson, Mississippi.

13.    The Defendants', Unknown John and Jane Does, identities are not known to the Plaintiff at this time. However, their true identities and the identities of others are unknown at this time and it is believed that they are adult resident citizens of Hinds County, Mississippi and through the discovery process it is further believed that their true and accurate identities will become

5

known and at that time the Plaintiff will seek leave of this Honorable Court to amend his

Complaint and to specifically name the unknown persons as Defendants to this action and serve

them with process for wrongs committed and violations against the rights, privileges and

immunities of the Plaintiff, all of which it is alleged were committed in their official and

individual capacities, as employees of Hinds County, Mississippi, Sheriff Tyrone Lewis, the

Hinds County Sheriff's Department, the City of Jackson, other State or Municipal entities and/or

other individuals acting in concert with such person, persons or state entities named as

Defendants herein or who may be discovered to have acted in a manner detrimental to the rights,

privileges and immunities of the Plaintiff.

## **JURISDICTION**

14.    The Plaintiff herein invokes the federal question jurisdiction of this Honorable Court

pursuant to 28 U.S.C. Sections 1331 & 1343 to obtain a judgment for the costs of suit, including

reasonable attorneys' fees, and damages suffered and sustained by the Plaintiff and caused by the

Defendants' blatant violation of the rights, privileges and immunities as guaranteed by the Fifth,

Eighth and Fourteenth Amendments to the Constitution of the United States of America and by

the applicable Federal statutes, more particularly, 42 U.S.C. Sections 1983, 1985(3), 1986 &

1988. Additionally, this Honorable Court has jurisdiction to adjudicate the pendent or

supplemental state claims that arose out of the same course of conduct giving rise to the principal

claims of the Plaintiff as herein stated.

## **VENUE**

15.    Venue is proper in this jurisdiction and district pursuant to 28 U.S.C. Section 1391(b)

because a substantial part of the real and immediate harm sustained by the Plaintiff occurred

in this judicial district and division.

## STATEMENT OF FACTS

16.    On the evening of July 2, 2010, the City of Jackson Police Department responded to a call involving a female victim that had been carjacked when a black male entered her vehicle at a gas station on Medgar Evers Boulevard in Jackson, Mississippi and drove off.  The victim was later found after several hours, claiming that she had been forced to perform oral sex on the assailant.  Officer Cedric Myles with the Jackson Police Department viewed pictures on the cellular phone of Officer Fred Nelson with JPD of surveillance footage taken from the gas station on Medgar Evers Drive from which the female victim was abducted.  From these cell phone pictures, Officer Myles came to the conclusion that the assailant on the video surveillance footage was the Plaintiff Murphy Burnett.  Myles was familiar with Burnett as a result of a criminal matter involving Burnett from 2007.  Based on Myles identification of a cell phone video, Myles' belief that Plaintiff Burnett's grandmother lived in the area of the alleged rape, and Myles' belief that Burnett "possibly hangs out" in the area in which the alleged rape occurred.  See Jackson Police Department Narrative Report attached herein as Exhibit "A".

17.    On July 15, 2010, Plaintiff Murphy Burnett was arrested by the Jackson Police Department and subsequently charged with sexual battery, rape, kidnapping and forced armed carjacking.  Burnett was thereafter indicted on the charges and held without bail at the Hinds County Detention Center.  Burnett was represented by public defender Greta Harris.  On behalf of Burnett, Harris made several requests for discovery, including DNA evidence that was collected from the female victim and the results of any testing of said DNA evidence

which the State admitted it had in its possession.  Said evidence was clearly exculpatory as it would tend to prove or disprove the State's case against Burnett.

18.    Several years passed and Burnett remained incarcerated at the Hinds County Detention Center.  During this time, the Defendants failed to provide the requested DNA evidence and DNA reports.   As a result of the Defendants' refusal to provide said evidence, Harris eventually filed Motions to Compel as well as a Motion to Dismiss the State's charges against Burnett, which were denied.   Despite moving for a speedy trial pursuant to Burnett's constitutional rights, Burnett was consistently denied this right and his trial date was continued to a later date on several occasions.   All the while, the Defendants possessed evidence in the form of DNA reports that would exonerate the Plaintiff.

19.    The subject DNA evidence was not submitted by the Defendants to the Scales' testing agency until April 20, 2011.  Results of said testing were made available to the Hinds County District Attorney's Office on September 8, 2011.   However, the results were not made available to Burnett's public defender Greta Harris until approximately April of 2012, following several Motions to Compel and a Motion to Dismiss for failure of the Defendants to provide requested discovery.  The results of the Scales' testing revealed further testing by a more advanced laboratory was necessary.

20.    As a result of the delays by the Defendants in first submitting evidence to be tested for DNA analysis and the delays in submitting the results of said testing to Burnett's counsel, the DNA evidence was not submitted for more advanced testing until August of 2012.   On December 5, 2012 the advanced testing showed conclusively that Murphy Burnett was not the donor of the DNA found on the body of the female victim.  On April 23, 2013, nearly three

(3) years after his arrest and without ever being brought to trial, the State of Mississippi moved to *nolle prosequi* the case against Burnett, and Burnett was released from custody shortly thereafter.

21.     As a result of the above, Plaintiff Murphy Burnett suffered the mental and emotional distress of being incarcerated in the deplorable conditions of the Hinds County Detention Center for a crime he did not commit.  Burnett was also subject to several physical assaults while incarcerated.  Burnett has endured the public smearing of his name as the City of Jackson and the other Defendants proudly proclaimed Burnett's arrest and their belief that Burnett committed the above crimes on several local news stations and in print.  Burnett was employed at the time of his arrest, and was unable to make a living for the three (3) years that he was incarcerated.  The stigma of these four charges and incarceration for three (3) years has resulted in employers, family and friends to avoid Burnett.

### COUNT I
### ACTION FOR DEPRIVATION OF CIVIL RIGHTS
### (42 U.S.C. SECTION 1983)

22.     The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

23.     At all times material hereto, the Defendants were vested with the state authority and the non-delegable responsibility and duty of adhering to, complying with and enforcing the laws of the United States of America and the State of Mississippi. Consequently, while acting under color of state law, the Defendants commenced to engage in a course of conduct and to implement a policy, custom, usage, plan, or practice wherein the rights, privileges or immunities of the Plaintiff were violated. Specifically, the Defendants, jointly and severally, engaged in a course of

conduct that resulted in the violation of the Plaintiff's right to the equal protection of the laws of the United States of America pursuant to the Fourteenth Amendment to the Constitution of the United States of America and the corresponding provisions of the Constitution of the State of Mississippi, the right to procedural and substantive due process of the law pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States of America and the right against cruel and unusual punishment as set forth in the Eighth Amendment to the Constitution of the United States of America. The violations complained of in this Complaint include, but are not limited to, the use of excessive force, torture, deprivation of identifiable civil rights, i.e., life, liberty and/or property, the unnecessary and wanton infliction of pain and inhumane torture in light of the circumstances confronted by the Defendants resulting in a deprivation that was sufficiently serious wherein the Defendants acted, maliciously and sadistically, by using or allowing force and physical violence designed and intended to cause plaintiff physical, mental and emotional harm, pain, humiliation and/or injury, and thereafter, evidence a deliberate indifference to the immediate, grave and serious medical needs of Plaintiff all of which caused or contributed to his injuries that commenced on or about July 15, 2010.

24.    As a direct and proximate consequence of the Defendants' actions, the Plaintiff was subjected to the deprivation of certain rights, privileges and immunities secured by the Constitution of the United States of America, the laws of this Nation and the State of Mississippi. Specifically, the Plaintiff's, Fifth and Fourteenth Amendment rights, allowing for procedural and substantive due process and equal protection of the laws, were violated by the Defendants as well as his Eighth Amendment right proscribing cruel and unusual punishment.

25.    At all times material hereto, the Defendants, Hinds County, Mississippi, the Hinds County District Attorney's Office, Sheriff Tyrone Lewis, the Hinds County Sheriff's Department, the

10

City of Jackson, Officer Cedric Myles, Officer Patricia Wilder and their agents, representatives and employees acted pursuant to the policies, regulations and decisions officially adopted or promulgated by those persons whose acts may fairly be said to represent official policy of, or were pursuant to a governmental custom, usage or practice of the Defendants Hinds County, Mississippi, Hinds County District Attorney's Office, the Hinds County Sheriff's Department, Sheriff Tyrone Lewis and/or the City of Jackson.

26.    It is further averred that Defendants Hinds County District Attorney, Sheriff Tyrone Lewis and/or others were the governmental officials whose edicts or acts may fairly be said to represent official policy, practices, customs or regulations of the Defendants, Hinds County, Mississippi, the Hinds County District Attorney's Office, the Hinds County Sheriff's Department and the City of Jackson. The aforementioned Defendants collectively and individually developed, planned and implemented the policy, custom and/or usage that resulted in the injuries of the Plaintiff, **MURPHY BURNETT**.

27.    As a direct and proximate consequence of the Defendants' conduct wherein such Defendants deprived Plaintiff, **MURPHY BURNETT**, of certain rights guaranteed by the Constitution of the United States of America, Plaintiff, **MURPHY BURNETT**, suffered immediate and irreparable injury to his person resulting in the deprivation of his constitutional rights, privileges and immunities and ultimately caused severe past, present and permanent injuries and disability, and experienced extreme pain, suffering, humiliation, degradation, mental distress, past, present and future medical expenses and severe emotional anguish.

11

## COUNT II
## ACTION FOR CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
### (42 U.S.C. SECTION 1985)

28.    The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

29.    After the Plaintiff, **MURPHY BURNETT**, was in the custody of the Hinds County Adult Detention Center, the Defendants developed a plan and directly or indirectly participated in the retention of the exculpatory DNA evidence from the Plaintiff's counsel.  The Defendants further conspired to prohibit the Plaintiff from accessing the DNA evidence and allowed him to be subjected to violence and other inhumane treatment while being detained in Hinds County Adult Detention Center.   Such conspiratorial conduct between the Defendants amounted to the deprivation of the Plaintiff's fundamental rights of due process and equal protection.

30.    There exists at the Hinds County District Attorney's Office a belief, practice, usage and/or custom that it is preferable to conceal or otherwise prohibit access to exculpatory forms of evidence that would likely confirm an incarcerated person's innocence.  Also, there exists at the Hinds County Adult Detention Center a belief, practice, usage and/or custom whereby an inmate is subjected to the violent proclivities of dangerous inmates with either no protection or possible encouragement from the staff.

## COUNT III
## ACTION FOR NEGLECT OR FAILURE TO PREVENT CONSPIRACY
### (42 U.S.C. SECTION 1986)

31.    The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

32.    The Defendants, Hinds County, Mississippi, the Hinds County District Attorney's Office,

Sheriff Tyrone Lewis, the Hinds County Sheriff's Department, the City of Jackson, Officers Cedric Myles and Patricia Wilder and unidentified employees of such Defendants, knew or reasonably should have known and had the power to prevent, or aid in preventing, the violations of the Plaintiff's civil rights and failed to do so through neglect or malicious refusal to provide assistance.

33.   The Hinds County District Attorney's Office had, or should have had, actual knowledge of the Plaintiff's innocence and made no effort to communicate the results to the Plaintiff even after he maintained his innocence and requested the DNA test results.  The Hinds County District Attorney's Office was vested with the responsibility to ensure expedited steps were taken to inform the Plaintiff of the DNA test results in addition to the Plaintiff's timely release from incarceration upon establishing the conclusive results.  Furthermore, Hinds County, the Hinds County District Attorney's Office, Sheriff Tyrone Lewis, the City of Jackson, nor anyone else in a position of authority tried to thwart what appeared as a conspiracy nor took any action whatsoever to prevent the Plaintiff from suffering a blatant disregard and violation of his civil rights.

34.   The Defendants, Hinds County, Mississippi, the Hinds County District Attorney's Office, Sheriff Tyrone Lewis, the City of Jackson, Officers Cedric Myles and Patricia Wilder, other unidentified police officers and deputies and unidentified employees, in their individual and official capacities, either intentionally or through their own negligence, failed to immediately report, expose, prevent, intervene, stop or otherwise thwart the conspiracy to deprive the plaintiff and other persons similarly situated, of the equal protections of the laws of this Nation and State notwithstanding the fact that they possessed the authority, duty, power, and ability to halt, annul, void, expose, intervene in or stop the violations before they occurred and/or as they were

occurring. Consequently, these Defendants are liable for the plaintiff's injuries and the deprivations that occurred thereto.

**COUNT IV**
**PENDENT STATE OR SUPPLEMENTAL CLAIMS**
**BATTERY**

35.    The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

36.    After the plaintiff was taken into the custody of the Hinds County Adult Detention Center, the Defendants allowed others to inflict offensive contact upon his person while he was incarcerated. The offensive contact, failure to give proper medical treatment and the extended wrongful confinement without access to the DNA test results, were intended to cause harm to the plaintiff and/or to unnecessarily inflict pain, suffering and distress upon his body.

37.    As a direct and proximate consequence of the inhumane treatment while in jail and the length of wrongful confinement the Defendants inflicted upon the plaintiff, he was injured; suffered damages; sustained a criminal record; was slandered and suffered personal and permanent injuries. Thus, the Plaintiff is entitled to a money judgment against the Defendants, both known and unknown, jointly and severally, who engaged in or contributed to, or otherwise facilitated through their acts of omission or commission, the injuries that were inflicted upon the Plaintiff.

**ASSAULT**

38.    The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

39.    As a direct and proximate consequence of the conduct of the aforementioned Defendants,

14

both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for the assaults perpetrated upon the plaintiff. Thus the Plaintiff is entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission the illegal assaults that were inflicted upon the plaintiff.

## CIVIL CONSPIRACY

40.   The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

41.   On the dates in question the Defendants, acting in concert with one another entered into an agreement, expressly or by implication through their joint participation to engaged-in conduct that was wrongful, intentional, willful and wanton and designed to inflict upon the plaintiff certain harm, suffering and pain the likes of which can be compared only to episodes of outrageous conduct. The Defendants' conduct was illegal and amounted to a civil conspiracy against the plaintiff. As a direct and proximate consequence of the conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for the civil conspiracy to engage in conduct they knew or reasonably should have known was against the law and the public policy of this State.  Thus, the Plaintiff is entitled to a money judgment against the Defendants who engaged in, or contributed to, or otherwise facilitated through their acts of omission or commission this civil conspiracy against the plaintiff.

## COUNT V
## THE COMMON LAW TORT OF OUTRAGE

42.   The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

43.   The Defendants' overall conduct, including the Hinds County District Attorney's purposeful concealment of DNA results verifying the Plaintiff's innocence, on the dates in question was so outrageous that it shocks the moral and legal conscience of the community. This outrageous conduct resulted in the injuries that are permanent. The manner, method and design of the Defendants' conduct amounted to a cold, callous, premeditated abuse of legal authority.

44.   As a direct and proximate consequence of the outrageous conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severely liable to the Plaintiff for such outrageous conduct is entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission such outrageous conduct toward the plaintiff.

**COUNT VI**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

45.   The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

46.   The Defendants' conduct was designed to not only inflict physical pain and suffering upon the plaintiff but also severe emotional and mental anguish and distress on the dates in question. The manner, method and design of the Defendants' conduct caused the plaintiff to endure enormous emotional and mental distress and anguish.

47.   As a direct and proximate consequence of the extreme and outrageous conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for the intentional infliction of emotional distress and mental anguish inflicted upon the plaintiff.   Thus, the Plaintiff is entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission such outrageous conduct perpetrated upon the plaintiff.

16

## COUNT VII
## SLANDER AND SLANDER *PER SE*

48.     The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

49.     The Defendants and other unknown persons caused the plaintiff to be charged and incarcerated for three (3) years without trial and repeatedly made statements alleging the Plaintiff's guilt while in possession of evidence proving the Plaintiff's innocence.  The charges were false and the Defendants' public announcement of the Plaintiff's guilt was negligence at the very least.   The Defendants' knew or reasonably should have known that the continued statements regarding the Plaintiff's guilt were false and had no merit whatsoever at the time they were made.  As a direct and proximate consequence of the slanderous charges and statements made by the Defendants as referenced above, the plaintiff was actually damaged and/or injured.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that enter a judgment in favor of the Plaintiff and against the Defendants, jointly and severally, for the actual or compensatory and presumed damages sustained by the plaintiff pursuant to 42 U.S.C. Sections 1983, 1985, 1986, 1988, the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and for the violation of numerous pendent or supplemental state claims arising out of the same set of facts from which the deprivation of civil, constitutional and human rights arose for the deprivation of such constitutional rights, personal injury, infliction of emotional distress, mental anguish, pain, suffering, degradation, humiliation, torture, loss of enjoyment of life, medical,  slander and any other injury or claim that may be discovered during the discovery process for which the law holds the Defendants liable and responsible in an amount to be determined by a jury.

Plaintiff further request a judgment in favor of the Plaintiff and against the Defendants, jointly and severally, for punitive or exemplary damages, for the outrageous, willful, wanton and intentional conduct that resulted in a gross or reckless disregard for the welfare, safety, rights, privileges or immunities of the plaintiff in an amount to be determined by the jury.

Further, the plaintiff requests a judgment in favor of the Plaintiff and against the Defendants, jointly and severally, for the Plaintiff's reasonable attorneys' fees pursuant to 42 U.S.C. Section 1988, all costs of this action and related litigation expenses and expert fees, a judgment for such other relief, general or specific, as the Court may deem appropriate, just and equitable in the premises.

Respectfully submitted this the 15th day of August, 2014.

Respectfully submitted,
MURPHY BURNETT,
Plaintiff

BY: _Chuck McRae_

CHUCK McRAE, MSB #2804

CHUCK MCRAE, MSB #2804
SETH C. LITTLE, MSB #102890
MCRAE LAW FIRM, PLLC
416 East Amite Street
Jackson, Mississippi 39201
Office: 601.944.1008
Facsimile: 866.236.7731
Email: chuck@mcraelaw.net
        seth@mcraelaw.net

18