IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| MURPHY BURNETT | PLAINTIFF |
| VS. | CAUSE NO. 3:14cv651CWR-LRA |
| HINDS COUNTY, MISSISSIPPI, by and through its Board of Supervisors, STATE OF MISSISSIPPI, by and through the HINDS COUNTY DISTRICT ATTORNEY'S OFFICE, HINDS COUNTY SHERIFF'S DEPARTMENT, SHERIFF TYRONE LEWIS, officially and in his Individual capacity, THE CITY OF JACKSON, MISSISSIPPI, SERGEANT PATRICIA WILDER, in her official and individual capacity, OTHER UNKNOWN JOHN and JANE DOES A-Z, also in their official and individual capacity | DEFENDANTS |

## THE STATE DEFENDANTS' MEMORANDUM OF AUTHORITIES IN SUPPORT OF MOTION TO DISMISS ON IMMUNITY AND OTHER GROUNDS

The State of Mississippi, and the Hinds County District Attorney's Office (collectively "the State Defendants"), respectfully submits this, their Memorandum of Authorities in Support of their Motion to Dismiss. For the reasons set forth herein, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b) of the Federal Rules of Civil Procedure.

### INTRODUCTION AND FACTUAL BACKGROUND

This is a civil claim brought by Plaintiff for alleged violations of his rights protected by the United States and Mississippi Constitution and laws of the State of Mississippi. Compl. ¶ 1. It arises out of events which transpired over four years before Plaintiff filed suit. All of Plaintiff's

claims stem from his July 5, 2010, arrest on charges of sexual battery, rape, kidnaping and forced armed carjacking. Compl.¶ 19. Plaintiff contends that he was held in the Hinds County Detention Center ("Detention Center") for three years without a trial while the Defendants withheld exculpatory DNA evidence. Compl. ¶ 2. As a result of his alleged wrongful arrest and subsequent incarceration Plaintiff alleges he was subjected to the deplorable conditions of the Detention Center, was the victim of physical assault, was robbed of time with his family and lost income, and suffers physical and mental injuries. Compl. ¶¶ 2 and 3. The Plaintiff was released from custody in April 2013 and filed this suit on August 19, 2014. Compl. ¶ 3.

The Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 for the following violations of his constitutional and federal rights: 14th Amendment equal protection claim (COUNT 1); 5th Amendment substantive and procedural due process claim (COUNT I); 8th Amendment cruel and unusual punishment claim (COUNT I). He also brings civil conspiracy claims under 42 U.S.C. § 1985 (COUNT II) and 42 U.S.C. §1986 (COUNT III) . In addition, the Complaint also purports to set forth several intentional tort claims under state law for battery (COUNT IV), assault (COUNT IV), civil conspiracy (COUNT IV), the common law tort of outrage (COUNT V), intentional infliction of emotional distress (COUNT VI), and slander and slander *per se* (COUNT VII). The Plaintiff seeks compensatory relief against the Defendants in an amount to be determined by a jury, as well as punitive damages and attorney fees pursuant to 42 U.S.C.§ 1988, including all related litigation expenses and expert fees.

However, the State submits that all of Plaintiff's federal law claims should be dismissed because (1) they are barred by the immunity enjoyed by the State of Mississippi and its agencies and enshrined by the Eleventh Amendment to the United States Constitution; (2) the State, and entities of the State, are not a "person" for purposes of § 1983, § 1984, and § 1985, and (3) the

claims are barred by the applicable statute of limitations. Further, the State Defendants submit the Plaintiff's state law claims asserted against them should be dismissed because (1) they are immune from suit under both federal and state law; and (2) they are barred by the applicable statute of limitations.

## ARGUMENT

First, this suit should be dismissed under F.R.C.P. 12(b)(1) because the State is entitled to immunity. "Because sovereign immunity deprives a court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice." *McManus v. Cont'l Airlines, Inc.*, 2012 WL 704728, *2 (W.D. La. 2012) citing *Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir.1996).

Furthermore, because the State Defendants are not a "person" with the meaning of §§ 1983, 1985, and 1986 and because the Plaintiff's claims are time-barred under both federal and state law, the Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss under Rule 12(b)(6), the court must assume everything in plaintiff's complaint is true and construe the allegations in the light most favorable to plaintiff. *H.J., Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989). Further, a dismissal under 12(b)(6) is not warranted simply because "the district court believes the plaintiff is unlikely to prevail on the merits." *Clark v. Amoco Production Co.*, 794 F. 2d 967, 970 (5th Cir.1986). A 12(b)(6) dismissal is appropriate, however, when the complaint "on its face show[s] a bar to relief." *Id.* As set forth below, accepting all of the allegations in Plaintiff's Complaint as true for the purposes of this Motion only, it fails – on its face- to state any viable claim for relief against the State Defendants.

## I. The State Defendants are immune from liability on Plaintiff's federal law claims.

### A. The Plaintiff's § 1983, § 1985 and § 1986 claims against the State Defendants are barred by the doctrine of sovereign immunity and the Eleventh Amendment.

The Plaintiff is pursuing federal constitutional claims through 42 U.S.C. § 1983. He alleges the Defendants "jointly and severally engaged in a course of conduct" that violated his 5th, 14th, and 8th Amendment rights. Compl. ¶ 23. The Plaintiff contends that "the Defendants" acted maliciously and sadistically by "using or allowing force and physical violence designed and intended to cause plaintiff physical, mental and emotional harm, pain, humiliation and/or injury." Compl. ¶ 23. He contends these actions caused or contributed to his injuries and "commenced on or about July 15, 2010." *Id.*

The State Defendants are immune from liability, however, through the immunity granted to the State and arms of the State through the Eleventh Amendment which provides that:

> [t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. AMEND. XI.

Although the terms of the Eleventh Amendment nominally apply only to suits by "Citizens of another State," Supreme Court decisions have made clear that a State's immunity encompasses "suits by citizens against their own States." *See Board of Trustees of the Univ. of Alabama v. Garrett*, 351 U.S. 356, 363 (2001) (citations omitted); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Hans v. Louisiana*, 134 U.S. 1, 15 (1890). That is, the Eleventh Amendment guarantees that "nonconsenting States may not be sued by private individuals in federal court." *Garrett*, 351 U.S. at 363.

The immunity granted to the State extends to a state agency or department and cannot be avoided by suing an arm of the state or a state agency. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Williams v. Dallas Area Rapid Transit*, 242 F. 3d 315, 318 (5th Cir. 2001). A district attorney's office in the State of Mississippi is considered an arm of the State, and thus, is immune from suit under the Eleventh Amendment. *See High v. Pearl River Cnty. Dist. Attorney*, 2012 WL 5450065, at *2 (S.D. Miss. Nov. 7, 2012) *citing Hudson v. City of New Orleans*, 174 F.3d 677, 682 (5th Cir.1999), *see also Brown v. Harrison Cnty. Circuit Court*, 2007 WL 1306422, at *2 (S.D. Miss. 2007) (holding "the District Attorney's Office does not enjoy a separate legal existence under Mississippi state law and, therefore, the Plaintiff cannot pursue a cause of action against it"). Therefore, the Hinds County District Attorney's Office, is not a separate legal entity that may be sued in this § 1983 lawsuit.[1]

Though Eleventh Amendment immunity may be abrogated by Congress or waived by the State, neither has occurred in this case. Congress may only abrogate a state's immunity pursuant to its authority under Section 5 of the Fourteenth Amendment. *Early v. Southern Univ. & Agric. & Mech. Coll. Bd. Of Supervisors*, 252 Fed. Appx. 698, 700 (5th Cir. 2007) (citing *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976)). Congress, however, has not abrogated the States' immunity for suits brought under §§ 1983, 1985 or 1986. *See Delaney v. Mississippi Dept. of Public Safety*, 2013 WL 286365, at *3 (S.D. Miss. 2013) citing *Hines v. Mississippi Dept. of Corrections*, 239 F.3d 366, No. 00–60143, 2000 WL 1741624, at *3 (5th Cir. Nov. 14, 2000) (unpublished table

---

[1] A fact recognized by the Plaintiff, "the Hinds County District Attorney's Office acted as an agent for the State of Mississippi in its prosecution of the Plaintiff." Compl. ¶ 7.

decision) ("Congress has not chosen to abrogate the states' immunity for suits under §§ 1981, 1983, and 1985(3).").[2]

Furthermore, "the State of Mississippi has not waived its sovereign immunity from liability in suits arising under §§ 1983, 1985 or 1986." *Delaney v. Mississippi Dept. of Public Safety*, 2013 WL 286365 at *3 (S.D. Miss. 2013). To the contrary, the Mississippi Tort Claims Act ("MTCA"), the State's only explicit waiver of sovereign immunity, provides that "the 'state' and its 'political subdivisions'...are not now, have never been and shall not be liable, and are, always have been and shall continue to be immune from suit at law or in equity[.]" Miss. Code Ann. § 11-46-3(1). Further, the MTCA provides that "[n]othing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States." Miss. Code Ann. § 11-46-5(4). Therefore, the State, inclusive of the Hinds County District Attorney's Office, has not waived its immunity from liability for claims brought pursuant to § 1983, § 1985, and § 1986. *See McGarry v. Univ. of Mississippi Medical Center*, 355 Fed.Appx. 853, 856 (5th Cir. 2009) (noting that the State expressly preserved its sovereign immunity to suit in federal court when it enacted the MTCA).

---

[2] "Congress has not chosen to abrogate the states' immunity for suits under §§ 1981, 1983, and 1985(3), *Sessions v. Rusk State Hospital*, 648 F.2d 1066, 1069 (5th Cir.1981) ("Section 1981 contains no congressional waiver of the state's eleventh amendment immunity); *Howlett v. Rose*, 496 U.S. 356, 364, 110 S.Ct. 2430, 2436, 110 L.Ed.2d 332 (1990) (" *Will [ v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) ] establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court."); *Fincher v. State of Florida Department of Labor & Employment Security-Unemployment Appeals Commission*, 798 F.2d 1371, 1372 (11 th Cir.1986) (holding that Congress did not abrogate the states' immunity in enacting Section 1985). *See Hines v. Mississippi Dept. of Corrections* 239 F.3d 366 at *3.

**B. The State Defendants are not a "person" for the purposes of § 1983, §1985, or §1986.**

In addition to being barred by Eleventh Amendment immunity, Plaintiff's federal law claims are fatally undermined by his failure to name as defendant a party that can be sued under 42 U.S.C. § 1983, §1985, or §1986.

Generally, liability will attach where a plaintiff can prove that an official (1) acted "under color of "law, and (2) the official's actions deprived the plaintiff of some right, privilege or immunity secured by the Constitution or federal law." *Monroe v. Pape*, 365 U.S. 167, 171 (1961), overruled on other grounds by *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *James v. Texas Collin County*, 535 F. 3d 365, 373 (5th Cir. 2008). In order for liability to attach under sections 1983, 1985, or 1986, the defendant must be a "person," under the relevant provisions' meanings, and the State, arms of the State, and state officials sued in their official capacity are not "persons" within the meaning of 42 U.S.C. § 1983, 1985, and 1986. *McNair v. Mississippi*, 2014 WL 4181847 at *4 (N.D.Miss. 2014).[3] Therefore, Plaintiff's §1983, §1985, and §1986 claims against the State of Mississippi and the Hinds County District Attorney's Office cannot survive the instant motion to dismiss.

---

[3] citing *Thrasher v. Board of Supervisors of Alcorn Cnty.*, 765 F.Supp. 896, 900 (N.D.Miss.1991) ("To be liable under Section 1983, a defendant must be a person...."); *Washington v. Louisiana*, No. 10–261, 2010 WL 3894267, at *2 (M.D.La. Sep. 30, 2010) (dismissing section 1985 claim because defendants were not "persons"); *Gauthier v. Kirkpatrick*, No. 2:13–cv–187, 2013 WL 6407716, at *15 (D.Vt. Dec. 9, 2013) (dismissing section 1986 claim because defendant was not "person"). When defining "person," "sections 1983 and 1985 are interpreted consistently with each other." *Sturdza v. United Arab Emirates*, 281 F.3d 1287, 1307 (D.C.Cir.2002). Likewise, the definition for "person" under section 1986 must be the same as under section 1985. *Veres v. Monroe Cnty.*, 364 F.Supp. 1327, 1330 (E.D.Mich.1973) ("Since § 1986 shares with § 1985 a common legislative source, since both sections use the word 'persons' to identify proper defendants, and since both were enacted by the same Congress which believed it could not constitutionally impose civil liability on municipalities, the word 'persons' must carry the same meaning in each section."); see also *Fontan v. City of Lancaster*, No. 96–cv–5653, 1998 WL 967585, at *3 n. 6 (E.D.Pa. Nov. 6, 1998) ("The term 'person,' as used in § 1983, has the same meaning as 'person' as used in §§ 1985 and 1986."). *McNair v. Mississippi*, 2014 WL 4181847 at *4 (N.D.Miss. 2014)

## II. Alternatively, Plaintiff's §1983, § 1985, and § 1986 federal claims are barred by the applicable statute of limitations.

"The statutes of limitations for § 1983 and § 1985 claims are the same as the statute of limitations in a personal injury action in the state in which the cause of action arose." *Smith v. Humphrey,* 540 Fed.Appx. 348, 349 (5th Cir. 2013) citing *Wallace v. Kato,* 549 U.S. 384, 387, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). "The relevant limitations period in Mississippi is three years from the day the cause of action accrues." *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir. 2007) (citing Miss.Code Ann. § 15-1-49; *James v. Sadler,* 909 F.2d 834, 836 (5th Cir.1990)). Importantly, "[t]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace,* 549 U.S. at 388, 127 S.Ct. 1091. "Under federal law, the statute of limitations under § 1983 begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Edmonds v. Oktibbeha County,* 675 F.3d 911, 916 (5th Cir. 2012) (quoting *Helton v. Clements,* 832 F.2d 332, 335 (5th Cir.1987)).

In other words, the § 1983 "limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Jensen v. Snellings,* 841 F.2d 600, 606 (5th Cir. 1988) (internal quotation marks and citation omitted). "A plaintiff who has learned of facts which would cause a reasonable person to inquire further must proceed with a reasonable and diligent investigation, and is charged with the knowledge of all facts such an investigation would have disclosed." *Id.* at 607. "A plaintiff need not know that a legal cause of action exists; he need only known facts that would support a claim." *Piotrowski v. City of Houston,* 51 F.3d 512, 516 (5th Cir. 1995) (citation omitted).

However, a "Section 1986 sets forth a one-year limitations period." *Smith v. Humphrey*

540 Fed.Appx. 348 at 349.

The Plaintiff contends that his injuries "commenced on or about July 15, 2010." *See* Compl. ¶ 23. Because he possessed knowledge of all the facts that support his federal civil rights claims on that date, those claims accrued more than three years before he filed his Complaint on August 19, 2014. [Dkt. No. 1]. At the very least, he knew that he had been injured, and thus was on notice to "proceed with a reasonable and diligent investigation." *Jensen*, 841 F.2d at 607. Thus, even if the Plaintiff did not at that time know the name for his causes of action, he certainly had all the facts to take to a lawyer. *See Brown v. Pool*, 79 Fed. App'x 15, 16 (5th Cir. 2003) ("[T]hat [the plaintiff] did not understand the legal significance of the defendants' alleged actions and omissions until he was later informed of his rights is not relevant when determining the date on which the limitations period begins to run in a 42 U.S.C. § 1983 action.") (citation omitted). For these reasons, the Plaintiff's claims brought pursuant to §§ 1983, and 1985 and are barred by the three-year statute of limitation. And, for those same reasons Plaintiff's claims brought under § 1986 are barred by its applicable one year statute of limitations.

## III. The State Defendants are immune from suit under both federal and state law

### A. The State Defendants are immune from suit and liability under federal law

The Plaintiff asserts numerous intentional tort claims against the State Defendants, including battery (COUNT IV); assault (COUNT IV); civil conspiracy (COUNT IV); "common law tort of outrage" (COUNT V); intentional infliction of emotional distress (COUNT VI); slander and slander per se (COUNT VII); however, the State is immune from these claims as well. As declared by the Supreme Court in *Pennhurst State Sch. & Hosp. v. Halderman*:

> A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform

> their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment.

465 U.S. 89, 106 (1984).

The Eleventh Amendment deprives a federal court of jurisdiction to hear a suit against the State of Mississippi unless sovereign immunity is expressly waived, which has not been done in this case. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–02, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) (holding that a claim that state officials violated state law in carrying out their official duties is a claim against the State that is protected by the Eleventh Amendment, a principle that applies to "state-law claims brought into federal court under pendent jurisdiction"); *Planells v. San Francisco Unified Sch. Dist.*, 978 F.2d 715, at *4 (9th Cir. 1992) (relying on *Pennhurst* to assert that supplemental state law claims against a state officer sued in his official capacity cannot be maintained in federal court). *Laudman v. Padula*, 2013 WL 5469977, *6-7 (D.S.C. 2013) (dismissing plaintiffs state law tort claims as barred under the Eleventh Amendment); *See also Nordgren v. Hafter*, 616 F.Supp. 742, 748 (S.D. Miss. 1985) (holding immunity extends to bar pendent state law claims); Miss. Code Ann. § 11-46-5(4) ("[n]othing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States"). Consequently, allowing any of the Plaintiff's state tort claims to proceed in federal court would violate elementary principles of sovereign immunity. This Court should dismiss the Plaintiff's claims as outside its subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

### B. The State Defendants are immune from suit and liability under state law

The Mississippi Tort Claims Act (MTCA) provides for a limited waiver of sovereign immunity and permits the maintenance of only certain types of claims against the State of Mississippi and the Hinds County District Attorney's Office, as a governmental entity.

Miss.Code Ann. § 11-46-5 (Supp.2001). One of the exceptions to the waiver of sovereign immunity, the "jail inmate" exemption, is applicable to the allegations contained in the Plaintiff's Complaint and protects the State of Mississippi and the Hinds County District Attorney's Office from the claims asserted in the Plaintiff's Complaint against them under the MTCA. Pursuant to the MTCA, which states in part:

> (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
> ...
> (m) Of any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution....

Miss.Code Ann. § 11-46-9(1)(m) (Supp.2001).

Thus, the MTCA preserves the government's sovereign immunity with regard to the claims of jail inmates. Section 11–46–9(1)(m) has been applied broadly to "any claim of any claimant who was an inmate at the time the claim arose." *Wallace v. Town Of Raleigh*, 815 So.2d 1203, 1208 (Miss 2002). In *Brooks*, the Mississippi Supreme Court defined "inmate," as used in this statute, as "a person confined to a prison, penitentiary or the like." *Id.* at 1207–08 (Miss.2002) (quoting Black's Law Dictionary 788 (6th ed.1990), *See also Love v. Sunflower Cnty. Sheriff's Dep't*, 860 So.2d 797, 800 (Miss.2003) (en banc) (applying *Wallace* definition to inmate who was cleared for release). Consequently, the Mississippi Supreme Court has rejected the argument the argument that inmate status begins with a conviction. *See Liggans v. Coahoma Cnty. Sheriff's Dep't*, 823 So.2d 1152, 1155 (Miss.2002). In *Brooks v. Pennington*, the Supreme Court noted in dicta that "[i]n granting immunity from claims brought by an inmate, Section 11–46–9(1)(m) does not distinguish between those lawfully and those unlawfully within the custody of the state." *Brooks v. Pennington*, 995 So.2d 733, 737 (Miss.Ct.App.2007) (en banc); *see also Fleming v. Tunica Cnty. Miss.*, 497 F. App'x 381, 389 (5th Cir.2012) (per curiam) (noting that

"the plain language of § 11–46–9(1)(m) does not contemplate any distinction between inmates being detained pursuant to a lawful court order and unlawfully-held detainees"). In *Wallace,* the Court held that "[t]he language of the statute is unambiguous, and the intent of the Legislature is clear. Inmates have been specifically excluded from bringing such actions against governmental entities." *Id.* at 1209 (¶ 21).

All of the Plaintiff's state law claims are for acts or omissions alleged to have occurred while he was a pretrial detainee in the Hinds County Detention Center. Burnett has not set forth any facts to dispute that he was incarcerated at the time the allegations arose. In fact, he admits the following: (1) that he was arrested on July 5, 2010, Compl.¶ 1; (2) that he was subsequently incarcerated for nearly three years, Compl. ¶ 3, and (3) that his injuries commenced on July 15, 2010 – while he was in custody at the Hinds County Detention Center, Compl. ¶23. Under the MTCA, it does not matter whether Burnett was detained lawfully or unlawfully. *Longino v. Hinds County, Miss. ex rel. Bd. of Sup'rs,* 2014 WL 4545943 (S.D.Miss. 2014) citing *Brooks v. Pennington,* 995 So.2d 733 (Miss.Ct.App.2007) ("In granting immunity from claims brought by an inmate, Section 11–46–9(1)(m) does not distinguish between those lawfully and those unlawfully within the custody of the state."), *see also Liggans v. Coahoma Cnty. Sheriff's Dep't,* 823 So.2d 1152, 1155 (Miss.2002) (ruling that the jail inmate exemption also applies to pretrial detainees (citing *Jones v. City of Jackson,* 203 F.3d 875 (5th Cir.2000))).The Plaintiff was unquestionably an inmate in the custody of Hinds County Detention Center when his claims arose. Accordingly, his claim is barred by section 11–46–9(1)(m) of the Mississippi Tort Claims Act.

## III. Plaintiff's state tort claims are barred by the applicable statute of limitations.

### A. Plaintiff's state law claims are time-barred by the MTCA.

Even if the Plaintiff could overcome the immunity under both state and federal law, his claims are still barred by the statute of limitations set forth in the MTCA.[4] Miss. Code Ann. §11-46-11(3), provides that all actions brought pursuant to the MTCA must be filed "within one year (1) next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based[.]" Miss. Code Ann.§ 11-46-11(3). The one-year statute of limitation begins to run when the claimant knows, or by the exercise of reasonable diligence should know, or both the damage or injury. *Caves v. Yarbrough*, 991 So.2d 142 (Miss. 2008).

Arguably, and by his own admission, the Plaintiff's claim accrued on July 15, 2010. Compl. ¶ 23. Yet he did not file his Complaint until August 18, 2014, well over four years after accrual. [Dkt. 1]. Accordingly, Plaintiff's state court claims are barred by the applicable one-year statute of limitations. Even assuming for the purposes of this motion that Plaintiff's claim did not accrue on the date of admission, it accrued, at the latest, upon his release from the Hinds County Detention Center in April 2013.[5] However, as previously mentioned, the Complaint in this case was not filed until August 19, 2014, which is clearly more than one-year from his date of release. Therefore, all claims that are asserted pursuant to the MTCA, including battery, assault, civil conspiracy, outrage, intentional infliction of emotional distress, and slander and slander *per se* are barred by the one-year statute of limitations dictated in Miss. Code Ann. §11-46-11.

Furthermore, pursuant to the MTCA the Plaintiff was required to file a notice of claim with the Hinds County D.A's office ninety days prior to filing suit, "ninety (90) days prior to

---

[4] Consequently, and of note, it would be futile for Plaintiff to file a Complaint in state court as any and all claims are barred by the statute of limitations set forth in the MTCA.

[5] The Plaintiff does not indicate the specific date he was released from incarceration and instead generally alleges he was released "in April 2013." Compl. ¶ 3.

maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity." Miss. Code Ann. §11-46-11(1). However, the Plaintiff did not send a notice of claim to the Hinds County District Attorney's Office. Thus, Plaintiff's claim is statutorily barred due to his failure to comply with the notice provision of the MTCA. *E.g. Clanton v. DeSoto County Sheriff's Dep't*, 963 So 2d 560, 563 (Miss. Ct. App. 2007). Plaintiff's claims under the MTCA are time barred and barred by his failure to file a notice of his claim and should be dismissed as a matter of law.

### B. Plaintiff's intentional tort claims are likewise time barred by Miss. Code. Ann. § 15–1–35.

Plaintiff's claims are not only time-barred under the MTCA, they are likewise barred under Miss. Code. Ann. § 15–1–35. the As noted above, the Plaintiff's Complaint alleges several intentional tort claims, including battery (COUNT IV); assault (COUNT IV); civil conspiracy (COUNT IV); "common law tort of outrage" (COUNT V); intentional infliction of emotional distress (COUNT VI); slander and slander per se (COUNT VII). Each of these claims is likewise barred by the applicable one-year statute of limitations and accordingly is ripe for dismissal. Section 15–1–35 of the Mississippi Code provides:

> All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words concerning the person or title, for failure to employ, and for libels, shall be commenced within one (1) year next after the cause of such action accrued, and not after.

Miss.Code. Ann. § 15–1–35.

Therefore, the Plaintiff's assault, battery, and slander claims are subject to the one-year statute of limitations. Furthermore, "Mississippi courts have held that the one-year statute of limitations applies to claims of intentional infliction of emotional distress and claims of civil conspiracy." *Jordan v. Premier Entertainment Biloxi, LLC,* 2014 WL 991733 S.D.Miss.,2014

citing *Jones v. Fluor Daniel Servs. Corp.*, 32 So.3d 417, 423 (Miss.2010) (intentional infliction of emotional distress); *Harried v. Forman Perry Watkins Krutz & Tardy*, 813 F.Supp.2d 835, 840–41 (S.D.Miss.2011) (citing *McGuffie v. Herrington*, 966 So.2d 1274, 1278) (Miss.Ct.App.2007) (civil conspiracy and abuse of process). Finally, as to Plaintiff's claim of "outrage," the Mississippi Supreme Court has recognized that "a claim for 'outrage' is the same tort as intentional infliction of emotional distress," accordingly this claim is also subject to the one year statute of limitations. *Id.* citing *Speed v. Scott*, 787 So.2d 626, 629 (¶ 11) (n. 1) (Miss.2001) (citing Restatement (Second) of Torts § 46 (1965)).

Accordingly, all of the alleged intentional torts, which comprise all of Plaintiff's state law tort claims, are subject to a one-year statute of limitations. The latest date that Plaintiff's claims accrued was in April 2013, his release date. Therefore, the one-year statute of limitations for these claims expired in April 2014. Here, the Plaintiff did not file his initial complaint until well over a year later, on August 18, 2014. Accordingly, Plaintiff's intentional tort claims are barred by the statute of limitations and are due to be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## CONCLUSION

Based on the preceding arguments, the State of Mississippi and the Hinds County District Attorney's Office, request this Court granted its Motion to Dismiss on each of Plaintiff's claims.

**WHEREFORE, PREMISES CONSIDERED,** Defendant, the State of Mississippi, and the Hinds County District Attorney's Office respectfully requests that their Motion to Dismiss be granted and Plaintiff's Complaint be dismissed.

RESPECTFULLY SUBMITTED this, the 15th day of October, 2014.

                **THE STATE OF MISSISSIPPI and**
                **HINDS COUNTY DISTRICT ATTORNEY'S OFFICE**

        BY:    **JIM HOOD, ATTORNEY GENERAL**
                    **STATE OF MISSISSIPPI**

        BY:    */s/ Alison E. O'Neal*
                    ALISON E. O'NEAL, MSB NO. 101232
                    SPECIAL ASSISTANT ATTORNEY GENERAL

STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
Post Office Box 220
Jackson, Mississippi 39205
Telephone No. (601) 359-3816
Facsimile No. (601) 359-2003
aonea@ago.ms.us

# CERTIFICATE OF SERVICE

This is to certify that I, Alison E. O'Neal, Special Assistant Attorney General for the State of Mississippi, do hereby certify that I have this date, electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such the following ECF participant:

Chuck McRae
Seth Little
MCRAE LAW FIRM
416 Amite Street
Jackson, MS 39201
Office: 601-944-1008
Email: chuck@mcrawlaw.net
       seth@mcraelaw.net

This the 15th day of October, 2014.

                                        */s/ Alison E. O'Neal*
                                        Alison E. O'Neal